**Order filed November 10, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00145-CR

_____

## DANIEL RAY GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 19-5086**

## O R D E R

Appellant, Daniel Ray Garcia, represents himself in this appeal. This appeal was filed on July 12, 2021. However, Appellant has yet to file a brief in this appeal. The appeal has been delayed because of a variety of factors: 1) the length of time required by the trial court clerk and the court reporter to prepare the voluminous appellate record; 2) Appellant's complaints concerning the accuracy of the appellate record; 3) Appellant's status as an incarcerated, pro se litigant.

On November 3, 2022, Appellant filed a motion entitled "Under Rule 10.3(3) 2nd Motion to Request Said Documents in Paper Form Not USB Flash Drive AND Request Them Without Prejudice." This is at least the fortieth motion that Appellant has filed in this cause. As per the motion, Appellant contends that in Cause No. 11-21-00145-CR,[1] he does not have paper copies of the following pages of the clerk's record: 2–9, 12–14, 41–45, 47–48, 109–115, 118–120, 147–156, 217–220, 313–319, 434, 463, 477, 483, 494, 500, 508–517, 521–522, 558, 561, 602–605, 608, 610, 619–642, 644–647, 649–650, 654–668, 742, and 748–749. He contends that while he was incarcerated, prison officials lost his property when he was moved from one prison location to another. He further contends that the appellate record in Cause No. 11-21-00145-CR was among the items of property that were lost.

Upon learning that Appellant's property had been lost, the clerk of this court contacted officials with the Texas Department of Criminal Justice, including officials in the warden's office and the law library at Appellant's prison unit, to determine the accuracy of Appellant's reported loss of property. The most recent conversation with the prison officials was that Appellant has now received all of his property. Those conversations also revealed that if the clerk of our court forwarded a digital copy of the appellate records in Appellant's pending appeals on a USB drive, Appellant would have access to them via the law library. The clerk of this court took advantage of this offer as a measure to provide Appellant with a backup copy of the appellate records.

We note that Appellant has already been provided with a complete paper copy of the appellate record in this cause. Appellant is not entitled to multiple copies of the record due to his indigent status or his status as an incarcerated individual. *See*

---

[1]Appellant also asserts in the motion that he is missing records in Cause No. 11-21-00200-CR. Appellant's requests for additional paper records in Cause No. 11-21-00200-CR is denied because that case has already been briefed and submitted.

*Ex parte Hollowell*, No. 03-11-00240-CR, 2012 WL 1959309, at \*1 (Tex. App.—Austin June 1, 2012, pet. ref'd) (mem. op., not designated for publication). In the interest of expediency, however, this court has made paper copies of the specific portions of the clerk's record that he contends he does not currently possess, and we are mailing same to Appellant along with a copy of this order. In this regard, this appeal has become unduly delayed. Appellant's brief remains due for filing on or before December 19, 2022.

Appellant's motion is granted in part—only to the extent provided in this order. All further requested relief is denied.

PER CURIAM

November 10, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.